THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

Case No. _____

IN THE MATTER OF:

**PARADISE FAMILY, LLC,** as owner, and **ANOTHER DAY IN PARADISE BOAT CLUB, LLC d/b/a FREEDOM BOAT CLUB** as owner *pro hac vice* of *Viper Paradise*, a 2020 SeaFox 200 motor vessel bearing hull identification number LYGEX129J920 and Florida Registration FL1700SN, together with its Engine, Tackle, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability,

    Plaintiffs.

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**PARADISE FAMILY, LLC,** as owner, and **ANOTHER DAY IN PARADISE BOAT CLUB, LLC d/b/a FREEDOM BOAT CLUB** as owner *pro hac vice* of *Viper Paradise*, a 2020 SeaFox 200 motor vessel bearing hull identification number LYGEX129J920 and Florida Registration FL1700SN, together with its Engine, Tackle, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability, pursuant to Supplement Rule F of the Federal Rules of

HAMILTON, MILLER & BIRTHISEL, LLP

1

Civil Procedure and 46 USC § 30501 *et seq.*, file their Complaint for Exoneration from or Limitation of Liability, and allege as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Admiralty and Maritime Practice Manual (see Local Rule 1.03).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501, *et seq*.

3. The vessel at issue is the *Viper Paradise*, a 2020 SeaFox 200 motor vessel bearing hull identification number LYGEX129J920 and Florida Registration FL1700SN, and its Engine, Tackle, Appurtenances, Equipment, & Etc., (hereinafter the "Vessel") is a seagoing vessel per 46 U.S.C. § 30506(a).

4. At all times material hereto, **PARADISE FAMILY, LLC**, was the owner of the Vessel.

5. At all times material hereto, **ANOTHER DAY IN PARADISE BOAT CLUB, LLC d/b/a FREEDOM BOAT CLUB**, was the owner *pro hac vice* of the Vessel.

6. This Complaint is filed within six (6) months of Plaintiffs' receipt of first written notice of a possible claim against them arising from the subject incident and subject to exoneration from or limitation of liability.

7. Venue is proper pursuant to Supplemental Rule F(9) because the incident giving rise to potential claims of liability against Plaintiffs occurred within this Court's jurisdiction and because the Vessel was and is within this district.

8. The incident involving the Vessel allegedly occurred on or about July 29, 2022, in Florida territorial waters near Clearwater, Florida, when Ms. Nadja Goodarzi was allegedly injured while aboard the Vessel when she was reportedly exposed to chemicals on the Vessel (the "Incident").

9. At all times material hereto, the Vessel was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

10. The Incident and any ensuing property loss, damages, personal injury, and/or casualty were not caused by Plaintiffs' fault, or the fault of any person for whose actions Plaintiffs are responsible. Neither Plaintiffs nor the Vessel are liable to any extent, and Petitioner

is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

11. Alternatively, and without admitting liability, Plaintiffs allege that in the event they or their Vessel should be held at-fault to any potential claimant in relation to the Incident set forth above, Plaintiffs assert such fault was occasioned and occurred without the privity or knowledge of Plaintiffs or any of their members, managers, directors, officers, stockholders, captains, dock-masters, crew, or any persons whose actions Plaintiffs are responsible.

12. The Vessel's value at the time of the Incident was $25,000. There was no pending freight at the voyage termination. *See* Ad Interim Stipulation of Value, filed concurrently with this action.

13. Subject to an express reservation of rights, Plaintiffs file contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $25,000.

14. Should the Court require it, Plaintiffs are prepared to give bond or stipulation for any amount as may be ascertained and determined to be reasonable and necessary under orders of this Court,

and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiffs respectfully request:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries, or destruction with respect to which Plaintiffs seek exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on Plaintiffs' attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Plaintiffs, their underwriters, or any of their property with respect to any claim for which Plaintiffs seek limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

    c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Plaintiffs' interest therein and pending freight, if any, per the applicable Rules and statutes, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

    d. This Court adjudge Plaintiffs and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Plaintiffs are liable in any amount whatsoever, that said liability may be limited to the value of Plaintiffs' interest in the Vessel, and may be divided pro rata among such claimants; and that a judgment be entered discharging Plaintiffs and the Vessel of and from any and all further liability and forever enjoining and

    prohibiting the filing or prosecution of any claims against Plaintiffs or their property as result of or in connection with the Incident; and

e. This Court grant Plaintiffs such other and further relief that justice may require.

Dated:   January 20, 2023

           Respectfully submitted,

           */s/    David N. Gambach*
           David N. Gambach, Esq.
           Florida Bar No. 8540
           Evan S. Gutwein, Esq.
           Florida Bar No. 58741
           HAMILTON, MILLER & BIRTHISEL, LLP.
           150 Southeast Second Avenue, Suite 1200
           Miami, Florida 33131
           Telephone 305-379-3686
           Facsimile 305-379-3690
           DGambach@HamiltonMillerLaw.com
           EGutwein@HamiltonMillerLaw.com
           JFlorin@HamiltonMillerLaw.com
           JMendez@HamiltonMillerLaw.com
           *Attorneys for Plaintiffs.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 20, 2023, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.

           */s/    David N. Gambach*
           David N. Gambach, Esq.